## Matthew Smith et al., Defendants in Error, v. Henry Smith, Executor, et al., Plaintiffs in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Fayette county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Matthew Smith and others, complainants, against Henry Smith, executor of the estate of Frederick Smith, deceased, and others, defendants, to contest the will of the deceased. From a decree finding that the will in question was not the will of the deceased, defendants bring error.

ALBERT & ALBERT and ARTHUR ROE, for plaintiffs in error.

BROWN & BURNSIDE, for defendants in error.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. WILLS, § 49*—*when evidence is sufficient to show testamentary capacity.* Finding as to the capacity of the testator in executing the will in question, *held* not against the manifest weight of the evidence, notwithstanding the evidence consisted mostly of opinions of the witnesses formed from conversations had with the testator at different times and not very much, if any, with reference to business transactions.

2. WILLS, § 114*—*what is not conclusive evidence of undue influence.* The fact of inequality of distribution by a testator in his will of his estate is not of itself conclusive evidence of undue influence, but may be considered as a circumstance tending to estab-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Louden et al. v. Terminal R. Ass'n of St. Louis, 206 Ill. App. 87.

lish undue influence in connection with the other facts and circumstances proven.

3. WILLS, § 196*—*when undue influence is question for jury.* Whether or not a testator was unduly influenced in the making of his will, *held,* under the circumstances proven, a question solely for the jury.

4. WILLS, § 114*—*when evidence sufficient to show undue influence.* Evidence *held* sufficient to sustain a finding that the testator was unduly influenced in making his will.

BOGGS, J., dissenting.